## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| JAMES KUCZMASKI, ADAM PIKE, RYAN PHILLIPS, JOSH STONE, and SUHANE LOWERY, Individually and on behalf of all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> US FOODSERVICE, <br><br> Defendant. | Civil Action No. 2:06-cv-731 |

## ANSWER TO AMENDED COLLECTIVE ACTION COMPLAINT

Defendant, U.S. Foodservice, Inc. ("defendant"), through its attorneys Constangy, Brooks & Smith, LLC, hereby submits this Answer to the Amended Complaint for Failure to Pay Overtime and Minimum Wages in Violation of the Fair Labor Standards Act ("Amended Complaint"), filed in this Court:

1.  Defendant denies the allegations contained in Paragraph 1 of the Amended Complaint.

2.  Defendant denies the allegations contained in Paragraph 2 of the Amended Complaint.

60701.1

3. Defendant admits that Kuczmaski, Pike, Phillips, Stone, and Lowery were employed at U.S. Foodservice – Montgomery Division as Order Selectors and were hourly employees. Defendant denies the remaining allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4 of the Amended Complaint.

5. Defendant believes that such allegations do not require a response, but, to the extent that a response is required, defendant denies such allegations and specifically denies that it has violated the Fair Labor Standards Act.

6. Defendant admits that this Court has subject matter jurisdiction.

7. Defendant admits that venue is proper.

8. Defendant admits that Kuczmaski was employed as an Order Selector at defendant's facility at 2850 Highway 80 West, Montgomery, Alabama, from February 24, 2003, until January 18, 2006. Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 8 of the Amended Complaint, and therefore same is denied.

9. Defendant admits that Pike was employed as an Order Selector at defendant's facility at 2850 Highway 80 West, Montgomery, Alabama, from January 28, 2000, until November 5, 2001; September 1, 2002, until July 5, 2004; and from January 10, 2005 until September 20, 2005.[1] Defendant is without sufficient

---

[1] Pike was employed as a Forklift Operator from July 5, 2004, until January 10, 2005.

knowledge to admit or deny the remaining allegations of Paragraph 9 of the Amended Complaint, and therefore same is denied.

10.  Defendant admits that Phillips was employed as an Order Selector at defendant's facility at 2850 Highway 80 West, Montgomery, Alabama, from August 16, 2005, until January 25, 2006. Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 10 of the Amended Complaint, and therefore same is denied.

11.  Defendant admits that Stone was employed as an Order Selector at defendant's facility at 2850 Highway 80 West, Montgomery, Alabama, from April 12, 2004, until October 2, 2005. Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 11 of the Amended Complaint, and therefore same is denied.

12.  Defendant admits that Lowery was employed as an Order Selector at defendant's facility at 2850 Highway 80 West, Montgomery, Alabama, since March 24, 2000. Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 12 of the Amended Complaint, and therefore same is denied.

13.  Defendant admits that the named plaintiffs were "employees" of defendant as defined by the FLSA during the time periods specified in paragraphs 8-12 herein, and worked for defendant within the territory of the United States. Defendant denies the remaining allegations of Paragraph 13 of the Amended Complaint.

14. Defendant admits that it is a corporation conducting business in the State of Alabama. Defendant further admits that it is one of the leading broad line foodservice distributors in the United States, with yearly revenues exceeding $18 billion. Defendant further admits that it has locations in approximately thirty-nine states and that it is an enterprise engaged in commerce as defined by the FLSA. Defendant denies the remaining allegations of Paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Amended Complaint.

17. Defendant admits the allegations of Paragraph 17 of the Amended Complaint.

18. Defendant admits the allegations of Paragraph 18 of the Amended Complaint.

19. Defendant admits the allegations of Paragraph 19 of the Amended Complaint.

20. Defendant admits the allegations of Paragraph 20 of the Amended Complaint.

21. Defendant admits that it employed Kuczmaski, Pike, Phillips, Stone, and Lowery during the time periods specified in paragraphs 8-12 herein. Defendant denies the remaining allegations of Paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Amended Complaint.

23. Defendant admits that plaintiffs' duties as Order Selector employees included, but were not limited to, pulling orders as they were given and to deliver them to a particular area wherein another employee holding the position known as Loader would then load the orders for delivery. Defendant further admits that prior to March 2005, the Order Selector employees punched a time clock and were compensated for all hours worked. Defendant further admits that in March 2005, the Order Selector employees began wearing headsets into which the employees spoke. Defendant denies the remaining allegations of Paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Amended Complaint.

26. Defendant incorporates Paragraphs 1 through 25 of its Answer. Defendant denies the remaining allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Amended Complaint.

31. The remainder of the Amended Complaint contains a prayer for relief which requires neither admission nor denial. To the extent the prayer for relief is construed to allege some wrongful or discriminatory action, said construction is denied. Defendant further denies that plaintiff is entitled to any relief herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Some or all of plaintiffs' allegations fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, plaintiffs have failed to mitigate their damages.

### FOURTH AFFIRMATIVE DEFENSE

For at least part of the period for which plaintiffs claim violations of the FLSA, plaintiffs were not employed by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any legally cognizable damage.

### SIXTH AFFIRMATIVE DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

### SEVENTH AFFIRMATIVE DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of three (3) years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs were involved in any improper activities or engaged in the same conduct about which they now complain, or failed to properly notice and act upon such conduct, plaintiffs are estopped from recovering for their claims.

## NINTH AFFIRMATIVE DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as defendant was at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

## TENTH AFFIRMATIVE DEFENSE

Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended 29 U.S.C. § 260, as defendant was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act.

## ELEVENTH AFFIRMATIVE DEFENSE

If the facts, as determined at trial, reveal that plaintiffs were engaged in efforts to alter their own time records or the time records of others, or in any other way violated the established policies of defendant with regard to employment practices,

plaintiffs should be estopped from recovering on any claim related to such violation of policy.

## TWELFTH AFFIRMATIVE DEFENSE

If the facts, as determined at trial, reveal that plaintiffs reported to defendant that they had been correctly and fully paid for all time worked, plaintiffs should be estopped from recovering on any claim of uncompensated wages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Because no discovery has yet occurred in this action, defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, defendant respectfully requests that this Court:

a.  enter an Order dismissing, with prejudice, plaintiffs' Amended Complaint in its entirety;

b.  deny each and every demand, claim and prayer for relief contained in plaintiffs' Amended Complaint;

c.  award to defendant its attorneys' fees and its costs; and

d.  grant such further relief as the Court may deem just and proper.

WHEREFORE, having fully answered the Amended Complaint, defendant requests that the Amended Complaint be dismissed with prejudice; that a judgment be

entered for defendant; and that defendant be awarded its attorney's fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

        Respectfully Submitted,

        /s/ Tammy L. Baker
Tammy L. Baker (ASB-9522-B62T)
E-Mail: tbaker@constangy.com
Direct Dial: 205-226-5466
Tamula R. Yelling (ASB-9447-E61T)
E-Mail: tyelling@constangy.com
Direct Dial: 205-226-5471
**CONSTANGY, BROOKS & SMITH, LLC**
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama 35203
Facsimile: 205-323-7674

**Attorneys for Defendant
U.S. Foodservice, Inc.**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Gregory O. Wiggins, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203


      /s/ Tammy L. Baker
      Counsel of Record