IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES KUCZMASKI, ADAM PIKE, | ) | |
| RYAN PHILLIPS, JOSH STONE, | ) | |
| SUHANE LOWERY, KEVIN BELL, and | ) | |
| HAMP CRUM, III, individually and on | ) | |
| behalf of all other persons similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NUMBER: |
| | ) | 2:06-cv-731-MHT-SRW |
| vs. | ) | JURY DEMAND |
| | ) | |
| US FOODSERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# THIRD AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiffs file this Third Amended Collective Action Complaint to add plaintiff, Hamp Crum, III.

Plaintiffs, James Kuczmaski, Adam Pike, Ryan Phillips, Josh Stone, Suhane Lowery and Kevin Bell, by and through their undersigned counsel, file this lawsuit against Defendant, US FoodService (hereinafter "US Foods" or "Defendant"), on behalf of themselves and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), and in support thereof would further state as follows:

1

## I.  INTRODUCTION

1.  The instant action arises from US Foods' violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§201, et seq., and specifically the collective action provision of the Act found at §216(b), to remedy violations of the wage provisions of the FLSA by US Foods, which have deprived the named Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful wages.

2.  Other current and former hourly employees of US Foods are also entitled to receive unpaid minimum wage and/or overtime compensation for the reasons alleged in this Complaint.  The above-named Plaintiffs are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated."  29 U.S.C. §216(b).  Any similarly situated hourly employee wishing to become a party plaintiff to this action must provide "his/her consent in writing to become such a party," and such consent must be filed with this Court.  29 U.S.C. § 216(b).

3.  This action is brought to recover unpaid compensation owed to the Plaintiffs and all current and former hourly employees of US Foods who are similarly situated to the Plaintiffs, pursuant to the FLSA.  The Plaintiffs and the collective group similarly situated are or have been employed within the local operation of one or more US Foods locations, including hourly employees such as order selectors.

4.  For at least three years prior to the filing of this complaint, US Foods has committed

2

widespread violations of the FLSA by engaging in the following practices and schemes:

(A)    Requiring hourly employees classified as Order Selectors routinely to work "off the clock" by requiring said employees to attend a meeting at the beginning of their shift without pay; and

(B)    Requiring hourly employees classified as Order Selectors routinely to work "off the clock without pay.

5.    Plaintiffs and all similarly situated hourly employees who elect to participate in this action seek unpaid compensation for work performed, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

## II.    JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §331 (federal question jurisdiction); and 29 U.S.C. §216(b) (FLSA).

7.    Venue is proper in the Middle District of Alabama under 28 U.S.C. §391(b)-(c).

## III.    PARTIES

### A.    PLAINTIFFS

8.    Plaintiff James Kuczmaksi resides in Deatsville, Alabama, and is a citizen of the United States. Kuczmaksi was employed by US Foods at the 2850 Selma Highway 80 West location in Montgomery, Alabama. Kuczmaksi was employed with US

3

Foods from February 24, 2003 until January 18, 2006 as an Order Selector.

9.  Plaintiff Adam Pike resides in Prattville, Alabama, and is a citizen of the United States. Pike was employed by US Foods at the 2850 Selma Highway 80 West location in Montgomery, Alabama. Pike was employed with US Foods from November, 1999 until November, 2001 and again from September, 2003 until September, 2005 as an Order Selector.

10. Plaintiff Ryan Phillips resides in Millbrook, Alabama, and is a citizen of the United States. Phillips was employed by US Foods at the 2850 Selma Highway 80 West location in Montgomery, Alabama. Phillips was employed with US Foods from August 16, 2005 until January 25, 2006 as an Order Selector.

11. Plaintiff Josh Stone resides in Montgomery, Alabama, and is a citizen of the United States. Stone was employed by US Foods at the 2850 Selma Highway 80 West location in Montgomery, Alabama from April 12, 2004 until October 2, 2005. Stone was employed with US Foods as an Order Selector.

12. Plaintiff Sulane Lowery Stone resides in Castleberry, Alabama, and is a citizen of the United States. Lowery is employed by US Foods at the 2850 Selma Highway 80 West location in Montgomery, Alabama. Lowery has been employed for seven years and works as an Order Selector.

13. Plaintiff Kevin Bell resides in Montgomery, Alabama, and is a citizen of the United

4

States. Bell is employed by US Foods at the 2850 Selma Highway 80 West location in Montgomery, Alabama. At all times relevant to this lawsuit, Bell was employed with the defendant has an Order Selector.

14.    Plaintiff Hamp Crum, III resides in Montgomery, Alabama, and is a citizen of the United States. Crum is employed by US Foods at the 2850 Selma Highway 80 West location in Montgomery, Alabama. At all times relevant to this lawsuit, Crum was employed with the defendant has an Order Selector.

15.    At all times material to this action, the named Plaintiffs and all members of the Plaintiff collective action were all "employees" of US Foods as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by §206 and §207 of the FLSA for the period in which they were employed by Defendant US Foods.

**B.    DEFENDANT**

16.    Defendant US Foods is a corporation conducting business in the State of Alabama. Defendant is one of the leading broad line foodservice distributors in the United States, with yearly revenues exceeding $18 billion. The defendant has over 100 distribution centers nationwide and has locations in approximately thirty nine states. Defendant is an enterprise engaged in commerce as defined by the FLSA.

17.    US Foods maintains either actual or constructive control, oversight, and direction over the operation of its individual distribution centers, including their employment practices.

18.    US Foods is a publicly traded company.

19.    US Foods is subject to personal jurisdiction in the State of Alabama for purposes of this lawsuit.

20.    At all times material to this action, US Foods was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA, and had an annual gross volume of sales which exceeded $500,000.00.

21.    At all times material to this action, US Foods was an "employer" of the named Plaintiffs, as defined by §203(d) of the FLSA.

22.    The minimum wage and overtime provisions set forth in §206 and §207, respectively, of the FLSA apply to US Foods.

**IV.    VIOLATIONS OF THE FLSA**

**A.    HOURLY EMPLOYEES ROUTINELY PERFORM JOB DUTIES "OFF THE CLOCK" WITHOUT PROPER COMPENSATION**

23.    At all times material to this action, US Foods employed Plaintiffs as hourly Order Selector.

24.    Defendant intentionally failed or refused to pay employees for all hours worked and failed to pay employees minimum wages and overtime rates according to the

6

provisions of the FLSA.

25.   Plaintiffs' duties as Order Selector employees included, but were not limited to, pulling orders as they were given and to deliver them to a particular area wherein another employee holding the position known as Loader would then load the orders for delivery.  The Order Selector's rate of pay was determined by their production. Prior to March 2005, all employees punched a time clock and was compensated for all hours worked.  However, in March 2005, employees quit punching a time clock and began wearing headsets which the employee spoke into to signal when they began pulling orders and when they stopped pulling orders and started cleaning up the assigned aisle.

26.   When the employee reported to work, there was a 15-minute meeting that sometimes lasted longer.  When the meeting was over, the employees would then begin pulling orders.  The production time did not start until 15 minutes after the employee reported to work and, if the meeting lasted longer than 15 minutes, the employee's production numbers and therefore, the rate of pay could be affected.  Once all the orders were pulled, the employee was then allotted 25 minutes to clean up the aisle. If it took the employee longer than 25 minutes, he was not compensated for this time.  It normally took anywhere from 1 to 3 hours to clean up the aisle depending on which aisle the employee was assigned to work.

7

**V.    SCOPE OF DEFENDANT'S LIABILITY**

27.    There are numerous similarly situated current and former employees of US Foods who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court-supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records. Specifically, all current and former employees of US Foods should be notified who, at any time during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of a Court-supervised Notice, have been considered (i) employees who have been required to perform duties "off the clock" without receiving due compensation, including any overtime pay.

**VI.    COUNT ONE**

28.    The Plaintiffs repeat and incorporate by reference paragraphs 1-25 herein. By its actions alleged herein, US Foods willfully, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

29.    US Foods has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by endeavoring to prevent the proper compensation of current and former employees, including the

8

named plaintiffs in accordance with §206 and §207 of the FLSA.

30.    As a result of Defendant's violations of the FLSA, named plaintiffs, as well as all

other similarly situated employees, have suffered damages by failing to receive

minimum and/or overtime wages in accordance with §206 and §207 of the FLSA.

31.    Defendant has not made a good faith effort to comply with the FLSA with respect

to its compensation of the named plaintiffs and other similarly situated present and

former employees.

32.    As a result of the unlawful acts of Defendant, plaintiffs and all current and former

employees similarly situated, have been deprived of minimum wages and/or overtime

compensation in an amount to be determined at trial, and are entitled to recovery of

such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and

other compensation.

## IX.    PRAYER FOR RELIEF

**WHEREFORE**, the named Plaintiffs, individually and on behalf of all other similarly situated

persons, pursuant to §216(b) of the FLSA, pray for the following relief:

A.    That, at the earliest possible time, they be allowed to give notice of this action, or

that the Court issue such Notice, to all persons who are presently, or have at any

time during the three years immediately preceding the filing of this suit, up through

and including the date of this Court's issuance of Court-supervised Notice, been

9

employed by the Defendant as an hourly employee in any US Foods location within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit: (i) if they worked as an hourly employees during the liability period and performed duties "off the clock," but were not entirely compensated for all work performed;

B.    That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest;

C.    Reasonable attorneys' fees;

D.    The costs and expenses of this action; and

E.    Such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL TRIABLE CLAIMS.

Respectfully submitted


<u>/s/Gregory O. Wiggins</u>
Gregory O. Wiggins
Kevin W. Jent
Counsel for the Plaintiffs


OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0543


Tucker F. Burge
BURGE & BURGE
850 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

**DEFENDANT'S ADDRESS:**
US FoodService
2850 Selma Highway 80 West
Montgomery, Alabama 36108-5608


11

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have filed the above and foregoing by CM/ECF today, October 19, 2006, with copies being served on:

Tammy L. Baker
Tamula R. Yelling
Constangy, Brooks & Smith, LLC
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama 35203

<u>/s/Gregory O. Wiggins</u>
