IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JAMES KUCZMASKI, ADAM PIKE, ) <br> RYAN PHILLIPS, JOHN STONE, ) <br> SUBANE LOWERY, KEVIN BELL, ) <br> HAMP CRUM, III, FREDERICK ) <br> S. KUCZMASKI, KEVIN MOORE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> US FOODSERVICE, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br> 2:06cv731-MHT <br> (WO) |

OPINION

This case is currently before the court on plaintiffs James Kuczmaski, Adam Pike, Ryan Phillips, John Stone, Subane Lowery, Kevin Bell, Hamp Crum, III, Frederick S. Kuczmaski, and Kevin Moore and defendant US FoodService's joint motion to approve a settlement of plaintiffs' claim filed under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.  For the reasons that follow, the settlement will be approved.

Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great

inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment. Lynn's Food Stores, 679 F.2d at 1354 ("Settlements may be

permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," id. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Id. at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote

the policy of encouraging settlement of litigation." Id. at 1354.*

In this case, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of backpay.  Further, after hearing from each plaintiff and reviewing the settlement agreement, the court concludes that the settlement is a fair and reasonable resolution of these bona fide disputes.

An appropriate judgment will be entered.

DONE, this the 18th day of October, 2007.

        /s/   Myron H. Thompson
   UNITED STATES DISTRICT JUDGE

---

* In Lynn's Food Stores, the court disallowed a compromise because it was not brought in the context of an employee lawsuit, but rather was an attempt by an employer to "settle" backpay claims because of a pending investigation by the Secretary of Labor.  The "compromise" was unfair and reflected the extreme inequalities of bargaining position that the FLSA was designed to protect against.